UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

REVEL ZAIN                                                     PLAINTIFF

v.                                                      CIVIL ACTION NO. 4:12CV-P5-M

ADVANCE HEALTH CARE PROVIDER et al.                DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff, Revel Zain, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed in part and allowed to proceed in part.

**I. SUMMARY OF CLAIMS**

Plaintiff sues Advance Health Care Provider, the Kentucky Department of Corrections (KDOC), and, in his individual and official capacities, Joe Blue, Jailer for the Hopkins County Jail. He alleges that as a state inmate housed at Hopkins County Jail[1] he suffered injuries when he was attacked by three other inmates on November 17, 2011. He states that, despite the fact that there were cameras monitoring the attack, no staff came to stop the attack until he was able to push the emergency button for help. He states that at that time he was taken to the Advance Care Health nurses' station, where he told "Nurse Connie and Sgt. Stephens" that he had internal bleeding, cuts to his arms and knees, a fractured left middle finger, and needed to go to the hospital emergency room. Plaintiff alleges that they did nothing for his injuries and simply put him in isolation where he continued to be in pain and spit out blood.

---

[1] At the time Plaintiff filed his complaint, he was still housed at the Hopkins County Jail. Since then, he has notified the Court that he has been transferred to a different facility.

Plaintiff alleges that he complained repeatedly to the guards about his injuries and was told that he needed to fill out a sick-call slip before he could see a doctor for treatment. He states he submitted a sick-call slip and was taken to see Nurse Connie where he again requested emergency medical treatment for his fractured left finger and internal bleeding. He alleges that he was told there was nothing they could do for him and that he kept being told by Advance Care nurses that without seeing a doctor there was nothing they would do for him other than wrap his finger with tape. He alleges that it is the practice of Advance Health Care and the Hopkins County Jail to charge inmates $20 for a doctor visit even though they only get to see a nurse and nurse assistant. He also alleges that after he filed a grievance he was told that his finger would heal normally with no treatment and that he could order pain medication from the commissary, which, he alleges, they knew he could not due to poverty.

Plaintiff alleges that Defendants violated the Fourth, Eighth, Ninth, Tenth, and Fourteenth Amendments to the U.S. Constitution and Kentucky Constitutions and other state laws. He requests monetary and punitive damages and injunctive relief.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where

the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## A. Claims against KDOC

To state a § 1983 claim, a plaintiff must allege that a "person" acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law. *See* § 1983. States, state agencies, and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The KDOC is a department within the Justice and Public Safety Cabinet of the Commonwealth of Kentucky. *See* Exec. Order No. 2004-730 (July 9, 2004); Ky. Rev. Stat. § 12.250. Further, because the KDOC is a state agency, it is not a "person" amenable to a suit for damages under § 1983. *Will*, 491 U.S. at 70-71; *Wells v. Brown*, 891 F.2d 591, 592-93 (6th Cir. 1989); *Daleure v. Kentucky*, 119 F. Supp. 2d 683, 687 (W.D. Ky. 2000) ("The Eleventh Amendment protects the Kentucky state government and the Kentucky Department of Corrections from suit."). Plaintiff's demand for monetary damages from the KDOC will be dismissed for failure to state a claim upon which relief can be granted.

*B. Ninth Amendment claim*

The Ninth Amendment provides, "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. CONST. AMEND. IX. It "does not confer substantive rights in addition to those conferred by other portions of . . . governing law," *Gibson v. Matthews*, 926 F.2d 532, 537 (6th Cir. 1991), and it does not apply to Plaintiff's claims.

*C. Tenth Amendment claim*

The Tenth Amendment states that "[t]he powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. CONST. AMEND X. The Tenth Amendment concerns the distribution of power between the federal government and the state governments and is irrelevant to Plaintiff's claims. *See Wright v. New York City*, No. 09 CV 2452, 2011 WL 4543833, at *9 (E.D.N.Y. July 25, 2011).

*D. Fourth and Fourteenth Amendment claims*

The Fourth Amendment protects "against unreasonable searches and seizures." U.S. CONST. AMEND. IV. Plaintiff has not alleged that he was unreasonably searched or that his property was seized.

In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, directing that they may not use excessive physical force against prisoners and must also "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (*quoting Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). Plaintiff's failure-to-protect claim arises under the Eighth Amendment, not the

Fourteenth Amendment, since he is a convicted inmate and not a pretrial detainee.

### E. Eighth Amendment and state-law claims

Upon consideration, the Court will allow the Eighth Amendment claims regarding failure to protect and to provide medical care to proceed against Advance Health Care Provider and Jailer Joe Blue in his individual and official capacities. The Court also will allow Plaintiff's state-law claims under the Kentucky Constitution and statutes to go forward.

### F. Injunctive relief

Since filing this action, Plaintiff has informed the Court that he has been transferred to another facility. His transfer renders his requests for injunctive relief moot. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

### III. CONCLUSION

The Court will allow Plaintiff's Eighth Amendment claims for failure to protect him from assault by other inmates and failure to provide medical care and his state-law claims to go forward against Advance Health Care Provider and Jailer Joe Blue in both his individual and official capacities. His claims against KDOC and his claims under the Fourth, Ninth, Tenth, and Fourteenth Amendments will be dismissed for failure to state a claim. His claims for injunctive relief will be dismissed as moot.

Date:

cc: Plaintiff, *pro se*
      Defendants
      Hopkins County Attorney
4414.009