UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

REVEL ZAIN                    PLAINTIFF

v.                CIVIL ACTION NO. 4:12CV-P5-M

ADVANCE HEALTH CARE PROVIDER et al.      DEFENDANTS

## MEMORANDUM OPINION

Before the Court is the motion for summary judgment filed by Defendant Joe Blue (DN 25). For the reasons set forth below, the motion will be granted in part and denied in part.

## I. SUMMARY OF CLAIMS

On initial review of this *pro se*, *in forma pauperis* complaint, the Court allowed Plaintiff's Eighth Amendment claims for failure to protect him from assault by other inmates and failure to provide medical care and his state-law claims to go forward against Defendant Advanced Correctional Healthcare, Inc. (ACH)[1] and against Defendant Blue in both his individual and official capacities. Defendant ACH has been granted summary judgment and is no longer a party to this action.

In his complaint, Plaintiff alleged that, while housed at Hopkins County Jail, he suffered injuries when he was attacked by three other inmates on November 17, 2011. He stated that, despite the fact that there were cameras monitoring the attack, no staff came to stop the attack until he was able to push the emergency button for help. He alleged that at that time he was taken to the nurses' station, where he told "Nurse Connie and Sgt. Stephens" that he had internal bleeding, cuts to his arms and knees, a fractured left middle finger, and needed to go to the

---

[1] According to the answer to the complaint, this Defendant was misidentified in the complaint by Plaintiff as "Advance Healthcare Provider."

hospital emergency room. Plaintiff alleged that they did nothing for his injuries and simply put him in isolation where he continued to be in pain and spit out blood.

Plaintiff alleged that he complained repeatedly to the guards about his injuries and was told that he needed to fill out a sick-call slip before he could see a doctor for treatment. He stated that he submitted a sick-call slip and was taken to see Nurse Connie where he again requested emergency medical treatment for his fractured left finger and internal bleeding. He alleged that he was told there was nothing they could do for him and that he kept being told by the nurses that without seeing a doctor there was nothing they would do for him other than wrap his finger with tape. He alleged that it is the practice of the Hopkins County Jail to charge inmates $20 for a doctor visit even though they only get to see a nurse and nurse assistant. He also alleged that after he filed a grievance he was told that his finger would heal normally with no treatment and that he could order pain medication from the commissary, which, he alleged, they knew he could not due to poverty.

## II. ANALYSIS

*Summary-judgment standard*

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he or she has the burden of proof. *Id.* Once the moving party demonstrates this lack of evidence, the

burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof. *Id.* If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Where the nonmoving party bears the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990). The moving party, therefore, is "entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Id.* (internal quotation marks omitted).

*Failure-to-protect claim*

Defendant Blue argues in his motion for summary judgment with regard to the individual-capacity failure-to-protect claim against him that he was not aware of any risk to Plaintiff by any other inmates. He attaches no support for this statement, such as an affidavit. With regard to the official-capacity failure-to-protect claim against him, Defendant Blue argues that Plaintiff has identified no county custom or policy that resulted in injury to him.

In Plaintiff's response (DN 33), Plaintiff argues that he was attacked "as jail guards were monitoring the cameras" and they did nothing to stop the attack but that he was able to push the

emergency button for help and he was then taken by a guard to the nurse's station for help.

The Eighth Amendment imposes a duty upon prison officials to protect prisoners in custody from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). To prevail on a claim of failure to protect, an inmate must show that he was "incarcerated under conditions posing a substantial risk of serious harm" and that the prison officials subjectively knew of and disregarded that safety risk. *Farmer*, 511 U.S. at 834, 837. "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a fact finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id.* at 842 (internal citation omitted). Further, a prison official may not escape liability for deliberate indifference by showing that, while he was aware of an obvious, substantial risk to inmate safety, he did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault. *Lopez v. LeMaster*, 172 F.3d 756, 762 n.5 (9th Cir. 1999) (quoting *Farmer*).

In evaluating a motion for summary judgment, first, "a party seeking summary judgment . . . bears the initial responsibility of informing the district court of the basis for its motion[] and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact[.]" *Celotex Corp.*, 477 U.S. at 323 (internal citation omitted); *see also LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). The movant may do so by merely identifying that the non-moving party lacks evidence to support an essential element of its case. *See Celotex Corp.*, 477 U.S. at 323; *Barnhart v. Pickrel, Schaeffer & Ebeling Co., L.P.A.*, 12 F.3d 1382, 1389 (6th Cir. 1993) (per curiam).

4

Here, Defendant Blue does not meet his burden with regard to the failure-to-protect claim. Although he asserts that he "was not aware of any risk to Plaintiff by any of the other inmates in his cell," he offers no evidence, such as his sworn statement that he was not one of the staff Plaintiff alleges were watching the assault on camera but did not respond until Plaintiff pushed the emergency button. Plaintiff's verified complaint alleges that "guards and suppervisers [sic] was watching the incident on tape while this assault was taking place. Only after I was able to push the emergency button for help before guards came to the housing unit cell." Statements in a verified complaint that are based on personal knowledge may function as the equivalent of affidavit statements for purposes of summary judgment. *Weberg v. Franks*, 229 F.3d 514, 526 n.13 (6th Cir. 2000); *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992). "Although the nonmoving party 'may not rest upon the mere allegations or denials' of his pleading, Fed. R. Civ. P. 56(e), a verified complaint . . . satisfies the burden of the nonmovant to respond." *Thaddeus-X v. Blatter*, 175 F.3d 378, 385 (6th Cir. 1999).

Granted, the Court is not sure that Plaintiff's allegation that the cameras were being watched by guards and supervisors is a statement made on Plaintiff's personal knowledge. However, Defendant Blue has not presented any evidence that it is not or that he did not see the alleged attack on the cameras. Moreover, although Defendant Blue argues that Plaintiff does not allege a policy or custom, reading Plaintiff's verified complaint liberally, it appears to the Court that Plaintiff has alleged a custom or policy of the Hopkins County Jail to watch inmate assaults on camera until the emergency button is pushed. Defendant Blue offers no evidence that here is no such policy. As such, Defendant's motion for summary judgment relating to the failure-to-protect claim will be denied.

*Medical claims*

Defendant Blue argues that Plaintiff has not produced any proof of his denial-of-medical care claim. After Defendant ACH filed its summary-judgment motion, Defendant Blue filed a response in which he states that he agrees and adopts the argument section of Defendant ACH's memorandum of law and that those same reasons support his motion for summary judgment on the denial-of-medical-care claim.

For the same reasons that the Court found that Defendant ACH was entitled to summary judgment regarding Plaintiff's claim of denial of medical care, *see* DN 38, the Court finds that Defendant Blue is likewise entitled to summary judgment in his favor on this claim.

*State-law claims*

With regard to the state-law claims against him, Defendant Blue argues that he is immune from liability in his official capacity to state law claims made by Plaintiff because, under Kentucky law, counties are protected by sovereign immunity. With regard to the claims against him in his individual capacity, Defendant Blue argues that Plaintiff has provided no proof of personal wrongdoing which is fatal because he cannot be held vicariously liable for acts of subordinates or employees. He also asserts that he is shielded by the doctrine of qualified immunity.

With regard to the official-capacity state-law claims, the Court finds that Defendant Blue in his official capacity is entitled to summary-judgment based on the doctrine of sovereign immunity. *See Jones v. Cross*, 260 S.W.3d 343, 345 (Ky. 2008); *Jones v. Christian Cnty. Jail*, No. 2010-CA-001496-MR, 2012 WL 411425, at *4 (Ky. Ct. App. Feb. 10, 2012) (holding that suit against jailer in official capacity barred by governmental immunity).

Defendant Blue fails to support his argument that the individual-capacity state-law claims against him fail without proof of personal wrongdoing because he offers no evidence that he was not personally involved. Therefore, summary judgment will be denied to Defendant Blue on this claim at this time.

### III. CONCLUSION AND ORDER

For the foregoing reasons, Defendant Blue's motion for summary judgment (DN 25) is **GRANTED in part and DISMISSED in part**. Specifically, it is **GRANTED** as to Plaintiff's medical claims and as to his state-law claims against Defendant Blue in his official capacity. The motion is **DENIED** with respect to the failure-to-protect-claim and the individual-capacity state-law claims. The denial of summary judgment on these claims is without prejudice to filing a properly supported summary-judgment motion.

Date: September 12, 2013

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
      Counsel of record
4414.009